# BRUNO & FERRARO LLP

A LIMITED LIABILITY PARTNERSHIP
COUNSELORS AT LAW

Robert A. Ferraro
John J. Bruno, Jr.*▲

Ike R. Gavzy (1954-2011)
John F. Latoracca (1961-2020)

301 Route 17 North ⸱ Suite 211 ⸱ Rutherford, NJ 07070
(201) 460-9494 ⸱ Fax (201) 460-0276
www.brunoferraro.com

Jonathan J. Bruno
John W. Ferraro
Mark H. Ranges
Kenneth Ralph▪

Edward J. De Fazio•
Of Counsel

\* Member NJ and PA Bar
▲ Member, U.S. District Court
  Southern, Eastern and Northern Districts of N.Y.
▪ Certified Criminal Trial Attorney
• Member NJ and NY Bar

June 6, 2025

Via: Email – lori_disanti@paed.uscourts.gov

Honorable Michael M. Baylson, U.S.D.J.
U.S. District Court
Eastern District of Pennsylvania

           Re: USA v. Jenri Lugo-Vargas
           Docket No. 2:11-CR-00342

Your Honor:

   In anticipation of the sentencing in the above matter, attached please find my sentencing memorandum. Thank you.

           Respectfully submitted,

           BRUNO & FERRARO LLP

           *John J. Bruno, Jr.*
           John J. Bruno, Jr.

JJB/kr
enclosure
cc: Linwood C. Wright, Jr., AUSA w/encl. – via email – l.c.wright@usdoj.gov
cc: Brian B. Piskai, Senior USPO w/encl.
    Via Email – brian_piskai@paep.uscourts.gov
cc: client

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>PLAINTIFF,       )<br>)<br>-vs-               )<br>)<br>JENRI LUGO-VARGAS         )<br>)<br>DEFENDANT           )<br>)<br>)<br>) | Case No. 11-CR-00342 |

## SENTENCING MEMORANDUM

BRUNO & FERRARO, ESQS.
301 Route 17 North – Suite 211
Rutherford, NJ  07070
(201) 460-9494
Jbruno@brunoferraro.com

John J. Bruno, Jr., Esq.
Of Counsel and
On the Brief

## PRELIMINARY STATEMENT

The Defendant Jenri Lugo-Vargas, by and through counsel, John J. Bruno, Jr., respectfully submits this Memorandum to assist the Court in fashioning an appropriate sentence. We urge that the court recognize that Mr. Lugo-Vargas is a valuable contributor to society by virtue of his continued employment and his commitment to his family, two children, (ex-wife who he has been reunited with and has been together with since the early 1990's) and his work ventures. It should also be recognized that Mr. Lugo-Vargas did engage in wrongful conduct, however he did so not as a mastermind or leader, but rather as someone who was desperate to legitimize his status as a citizen in the land he loves.

Through this Memorandum, we ask the Court to recognize that Mr. Lugo-Vargas' offense is limited in scope and should be considered in the context of the efforts by him to right his wrongs to the extreme limits, i.e. maintaining a strong family bond, work history and leading a law abiding life, and not to overlook his self-surrender, knowing the potential consequences. We anticipate that the details of those limits will be verified by the Government in its anticipated letter. Therefore, we urge this Honorable Court to consider a "minimal" period of probation coupled with the mandatory assessment.

## THE DEFENDANT

Jenri Lugo-Vargas was born on July 11, 1972, in Altamira, Puerto Plata Province, Dominican Republic. His parents, Fernando Lugo (deceased) and Andrea Vargas (69), were not married, never lived together, and did not maintain a long-term relationship. The defendant's father reportedly passed away in 2015 in the Dominican Republic from complications with diabetes. His mother currently resides in Altamira; she does not

work. Jenri has a good relationship with his mother and maintains regular telephone contact with her.

Jenri married Yudelka Rodriguez (49) in La Vega, Dominican Republic at the age of 21. Jenri's wife is a naturalized United States citizen who was born in the Dominican Republic. In 1996 Jenri applied for admission to the United States and was subsequently granted permanent resident status in 1997. Upon entering the United States in 1997, Jenri settled in Jersey City, where he resided with his wife for 4 years. In 2001, they moved to Philadelphia, Pennsylvania. In 2002 they separated, and ultimately divorced in 2003 as a result of Jenri's drug abuse at the time with cocaine. Since that time Jenri and his ex-wife Yudelka have reconciled and maintain a healthy relationship.

They have two children, twins – ages 28, Yuheiry Rodriguez who resides in Philadelphia and attends The University of Pennsylvania attaining a Master's degree in psychology. Jason Lugo resides in Philadelphia and works with his father in the construction business. Jenri enjoys a close relationship with both of his children.

## SUBSTANCE ABUSE

Although Jenri stopped abusing drugs (cocaine) and alcohol over 10 years ago, he has admitted he occasionally uses marijuana to help with his stress and anxiety, while he continues to cope with the thought of being separated from his family. Jenri fully understands the potential consequences of his status in the United States.

## EMPLOYMENT

Jenri Lugo-Vargas is the owner/operator of Lugo Renovation, LLC, which he established in Paterson, New Jersey, in 2024. Jenri provides general construction services, including plumbing, flooring, and renovation of existing properties, in the Pennsylvania, Ohio, and Maryland areas. Jenri has worked as a laborer since 2015.

## PRIOR CRIMINAL HISTORY

In February and September of 2000 (almost 25 years ago) the defendant Jenri Lugo-Vargas was sentenced to 3-years' probation for violating the drug laws in New Jersey. Mr. Lugo-Vargas successfully completed his probationary term.

## CHARGES & OFFENSE CONDUCT

On June 23, 2011, a grand jury sitting in the Eastern District of Pennsylvania returned a two-count Indictment charging Jenri Lugo-Vargas with passport fraud, in violation of 18 U.S.C. sec. 1542 (Count 1), and falsely representing to be a United States citizen in violation of 18 U.S.C. sec. 911 (Count 2).

On September 16, 2008, the defendant, Jenri Lugo-Vargas, applied for a United States passport to an acceptance agent in Philadelphia. In his application, the defendant represented that his name was Victor Luis Erazo-Alverado, date of birth of November 17, 1976, and a social security number ending in 8794. He also presented a fraudulent Puerto Rico birth certificate with an issue date of April 12, 1999, and a fraudulent New Jersey driver's license. All in the name of Victor Luis Erazo-Alverado and Victor L. Erazo-Alverado with a photograph of Jenri Lugo-Vargas on the driver's license. Based upon the submission of the fraudulent documents, the defendant was not issued a United States passport. An investigation ensued and on June 23, 2011, a federal bench warrant was issued for the defendant's arrest.

By happenstance, Mr. Lugo-Vargas was encountered by an officer of the Churchill Police Department in Pennsylvania, during a traffic stop on February 8, 2024, for a moving violation. During the traffic stop the officer discovered an outstanding federal warrant regarding the instant offense. The defendant possessed two different driver's licenses during the stop. Despite the active warrant, the officer released the

defendant and did not detain him but instructed him to self-surrender to the appropriate federal authorities in the Eastern District of Pennsylvania.

On April 7, 2025, the defendant appeared before the Honorable Michael M. Baylson and entered a plea of guilty to Counts 1 and 2 of the Indictment, pursuant to a written guilty plea agreement.

## ACCEPTANCE OF RESPONSIBILITY

During the plea hearing on April 7, 2025, the defendant agreed to every aspect of his criminal conduct. During his interview for the presentence investigation on April 7, 2025 Jenri indicated he was "very sorry" for his actions. He accepted full responsibility and indicated he was abusing cocaine at the time of the offense and was not thinking about his actions.

## PLEA AGREEMENT

The parties agreed that the plea agreement was made pursuant to Federal Rules of Criminal Procedure 11(c)(1)(c) and that a sentence of 12-months' probation is the appropriate disposition of this case.

## SENTENCING FACTORS TO BE CONSIDERED

18 U.S.C. sec. 3553 (a)(3) mandates a court to consider "the kinds of sentences available." We concur with the Government's recommendation for a 12-month term of probation and would urge this Honorable Court to adhere to the Government's recommendation.

Pursuant to 18 U.S.C. section 3553 (a)(1) through (7), the following factors are to be considered in imposing a sentence; the nature and circumstances of the offense and the history of and characteristics of the defendant; the need for the sentence imposed to satisfy the statutory purposes of sentencing; the kinds of sentences available, the

applicable guidelines, pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution.

It seems apparent to all those concerned that Jenri Lugo-Vargas does not pose a danger to society, nor is he a flight risk.

## **CONCLUSION**

It is respectfully urged that in this case, for the reasons set forth herein, the Court Sentence Jenri Lugo-Vargas to a 12-month term of probation to satisfy the letter and spirit of the Plea Agreement. Such a sentence would be sufficient, but not greater than necessary to achieve the sentencing goals.

Respectfully Submitted,

BRUNO & FERRARO, ESQS.

Dated: June 6, 2025

_____
JOHN J. BRUNO, JR.